**UNITED STATES OF AMERICA, Plaintiff**

**v.**

**D.H. (A juvenile), Defendant**

Crim. No. 95-37

District Court of the Virgin Islands,

Div. of St. Thomas and St. John

April 1, 1998

KIM CHISOLM, ESQ., (U.S. Attorney), *for Plaintiff*

IVER STRIDIRON, St. Thomas, U.S.V.I., *for Defendant*

MOORE, *Chief Judge*

### MEMORANDUM

This matter is before the Court based upon the government's motion to correct judgment dated December 2, 1997. The government seeks a correction based on a perceived error in not giving the juvenile delinquent ["D.H."] credit for time served pursuant to 18 U.S.C. § 3585(b).

On June 15, 1993, two U.S. Navy sailors, DC3 Michael Robert Nendze and Lt. Robert Dana Bartlett, and one U.S. Coast Guard officer, Lt. (jg) Patrick Gardella, were on liberty on St. Thomas when they were robbed at gunpoint by three assailants. Nendze was shot in the back while using the telephone. Gardella and Bartlett were held at gunpoint and beaten with a club and sustained serious injuries. Bartlett was then shot in the head. He died a week later.

On February 2, 1995, D.H. was arrested and detained as a juvenile. On February 3, 1995, D.H. was arraigned. After initially

pleading not delinquent, on February 7, 1995, the juvenile pled guilty to acts of delinquency which, if he had been an adult, would have been the felonies of assault on a federal officer, attempted murder of a federal officer and possession of a firearm during a crime of violence. He remained in detention to allow observation and study.

D.H. was committed as a delinquent juvenile to 5 years of official detention on August 23, 1995, under 18 U.S.C. § 5037(c)(2), with a specific direction that he serve the entire five years and that he not receive credit for time served in custody before that date.

■ Adjudication of a juvenile as a delinquent is a civil or quasi-criminal matter. Section 3585, on the other hand, applies to the criminal sentencing of those convicted of committing felonies or misdemeanors. Further, section 3585 applies to "defendants" which by definition are adults. By its very terms, then, section 3585 does not apply to juveniles. The only adult sentencing provision incorporated to apply to juvenile detention under the Federal Juvenile Justice and Delinquency Prevention Act, 18 U.S.C. §§ 5031-42, is credit for good time earned when serving a sentence at the Bureau of Prisons provided by section 3624, and not section 3585. See 18 U.S.C. § 5037.

Since D.H. was not criminally sentenced to a term of imprisonment under 18 U.S.C. § 3585(a), but was instead civilly adjudicated a delinquent juvenile, he is not entitled to credit for prior custody under section 3585(b). An appropriate order is attached.

ENTERED this 1st day of April, 1998.

## ORDER

For the reasons stated in the preceding Memorandum, it is hereby

ORDERED that the government's motion to correct judgment is DENIED.

ENTERED this 1st day of April, 1998.